UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

ERIC W. SORENSON,

       Plaintiff,

v.                                   **ORDER**
                                   Civil File No. 07-4720 (MJD/AJB)

JANEA M. SORENSON,

       Defendant.
_____

## I.  DISCUSSION

This matter is set for a bench trial before the Court beginning on March 25, 2008.

## II.  BACKGROUND

### A.  Factual Background

The following facts are alleged by Plaintiff: Plaintiff Eric Sorenson ("Father") and Defendant Janea M. Sorenson ("Mother") are citizens of the United States.  Their minor daughter, E.S.S., is also a U.S. citizen, and was born in Woodbury, Minnesota in December 2002.

1

In November 2003, Father accepted a position with Secure Computing and was scheduled for a work assignment in Secure Computing's Australian office for three years. Father obtained a three-year work visa. Mother and E.S.S. obtained Australian visas that were dependent upon Father's visa status, which was set to expire in June 2007.

The family arrived in Australia in February 2004. In March 2005, Mother and Father separated their residences and each rented different apartments, both still in Australia.

According to Father, on May 30, 2007, Mother unlawfully retained E.S.S. in Australia when she refused to allow Father to take E.S.S. back to the United States. Father returned to Minnesota on June 9, 2007. E.S.S. was in Australia at the time Father filed his Petition in this Court and remains in Australia currently.

**B.     Procedural Background**

Father asserts that the Australian Central Authority requested an Article 15 determination from the courts of the United States. The specifics of this request have not been provided to this Court. On November 29, 2007, Father filed a Verified Petition for a Determination Pursuant to Article 15 in this Court. [Docket No. 1] His claim is brought under the Hague Convention on the Civil

Aspects of International Child Abduction, 19 I.L.M. 1501, et seq., implemented by the International Child Abduction Remedies Act, 42 U.S.C. § 11601, et seq. ("ICARA").

### III.   DISCUSSION

This Court does not have subject matter jurisdiction to order return of E.S.S.  ICARA provides:

> Any person seeking to initiate judicial proceedings under the Convention for the return of a child or for arrangements for organizing or securing the effective exercise of rights of access to a child may do so by commencing a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action **and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed**.

42 U.S.C.A. § 11603(b) (emphasis added).

In this case, E.S.S. was physically located in Australia when Father filed the Petition before this Court and E.S.S. has remained in Australia throughout the pendency of this litigation.  "'Located' under ICARA does not require a showing of residency but contemplates the place where the abducted children are discovered."  Lops v. Lops, 140 F.3d 927, 937 (11th Cir. 1998) (citing 42 U.S.C.A. § 11603(b)).  Thus, this Court does not have jurisdiction to order the return of E.S.S. or to order a right of access to E.S.S.

Although this Court does not have jurisdiction for an original Hague Convention petition, it may have jurisdiction to assist Australian authorities if that assistance is requested. Under Article 15 of the Hague Convention, the court where the child is located may request that the applicant in its case obtain from a court in the state of the child's habitual residence, a determination of whether local laws regarding custody have been violated. Article 15 provides:

> The judicial or administrative authorities of a Contracting State may, prior to the making of an order for the return of a child, request that the applicant obtain from the authorities of the State of the habitual residence of the child a decision or other determination that the removal or retention was wrongful with the meaning of Article 3 of the Convention, where such a decision or determination may be obtained in that State. The Central Authorities of the Contracting States shall so far as practicable assist applicants to obtain such a decision or determination.

quoted in Silverman v. Silverman, 267 F.3d 788, 791 n.5 (8th Cir. 2001).

In his Verified Petition, Father avers: "Plaintiff has filed a Request for Return with the Australian Central Authority and they have requested that the courts of the United States issue a determination pursuant to Article 15 of the Convention." (Verified Compl. ¶ 6.) Father requests that this Court issue an order determining

    1.    That the State of Minnesota, United States is the habitual

residence of the minor child, E.S.S., within the meaning of Article 4 of the Convention, 19 I.L.M. 1501, *et. seq.*

2. That the Defendant has wrongfully retained the minor child, E.S.S., within Australia, within the meaning of Article 3 of the Convention, 19 I.L.M., *et seq.*

(Verified Compl. at 5.)  Father has not provided any document from any Australian authority requesting such a determination.

In order to determine if this Court has subject matter jurisdiction over this matter and to determine the parameters of the Article 15 request, **IT IS HEREBY ORDERED**:

Plaintiff Eric Sorenson shall file the Australian Article 15 request with this Court by Friday, March 21, 2008, at noon.


Dated: March 19, 2008                                          s / Michael J. Davis
                                                                                Judge Michael J. Davis
                                                                                United States District Court